# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 1999 Session

## STATE OF TENNESSEE v. CHRIS WILSON *A/K/A* CALVIN CLARK

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 39138, John H. Gasaway, III, Judge**

---

**No. M1998-00395-CCA-R3-CD - Filed September 28, 2000**

---

Following a "best interest" plea to one count of aggravated burglary, the appellant was sentenced to a term of five years in the Department of Correction. On appeal, he challenges (1) the length of the sentence and (2) the imposition of a sentence of total confinement. After review, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY, J. and L. T. LAFFERTY, SR.J., joined.

Fred W. Love, Asst. Public Defender, Clarksville, TN 37040, for the appellant, Chris Wilson *a/k/a* Calvin Clark.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Clinton J. Morgan, Assistant Attorney General, John Wesley Carney, Jr., District Attorney General, and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Chris Wilson *a/k/a* Calvin Clark,[1] entered an <u>Alford</u> or "best interest" plea in the Montgomery County Circuit Court to one count of aggravated burglary, a class C felony. At the sentencing hearing, the trial court imposed a five year sentence in the Tennessee Department of Correction. Defense counsel originally submitted an <u>Anders</u> brief asserting that counsel's examination of the record reveals no meritorious issues for appellate review. A panel of this court found counsel's attempt at an <u>Anders</u> brief inadequate and ordered the filing of an advocate's brief

---

[1]It appears from the style of the briefs and all of the documents in the record, with the exception of the indictment, that the appellant's correct name is Kelvin J. Clark. The appellant, however, was indicted under the name "Chris Wilson a/k/a Calvin Clark." It is the policy of this court to style cases according to the name in the formal charging instrument.

on the merits.[2]  Upon the filing of an advocate's brief, counsel preserved two issues for this court's *de novo* review: (1) the length of the sentence and (2) the imposition of a sentence of total confinement.

After review of the record before this court, we affirm the sentencing decision of the trial court.

## Background

The sentencing issues raised in part by the appellant, *i.e.*, the appellant's role in the commission of the offense and the overall nature and circumstances of the aggravated burglary, are typically submitted to this court in the form of a transcribed guilty plea.  In this case, our review is substantially frustrated by the appellant's failure to include within the record this relevant information.  If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly.  State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

We are provided, however, with the trial court's thorough findings of fact from the sentencing hearing:

> . . . The presentence report reveals, in part, the following information.  That Mr. Clark is 21 years of age. . . . His criminal history . . . is as follows:  At the age of 16 he was convicted of theft of property in Vernon Parish, Louisiana and placed on juvenile probation.  The date of the conviction was December 3, '92.  In fact, there were several adjudications that day . . . they were as follows:  Vandalism, unauthorized use of a vehicle and apparently there were three convictions of unauthorized use of a vehicle.  Three adjudications I should say.  Before that December 3rd, 1992 date, there is also a juvenile court, Vernon Parish, Louisiana adjudication dated November 18, '92 adjudicating Mr. Clark guilty of vandalism.  That shows juvenile probation as well.  After he was placed on juvenile probation in December of '92 he next was convicted at the age of 18 in the Montgomery County Circuit Court . . . Tennessee.  He was convicted on March 8th, '95 of evading arrest, failing to carry a license on his person . . . .  He received a sentence of 11 months, 29 days, on evading arrest.  And he was also convicted in Montgomery County . . . of joy riding and he received a sentence of 11 months, 29 days, which was probated.  And the date of that conviction was January 5th, '96.  He received a sentence of 11 months and 29 days, which was probated.  He was also or next convicted in Davidson County of . . . two crimes.  And the crime for which he's being sentenced

---

[2]See generally  State v. Chris Wilson a/k/a Calvin Clark, No. 01C01-9807-CC-00284 (Tenn. Crim. App. at Nashville, Mar. 20, 2000); State v. Chris Wilson a/k/a Calvin Clark, No. 01C01-9807-CC-00284 (Tenn. Crim. App. at Nashville, Dec. 8, 1999); State v. Chris Wilson a/k/a Calvin Clark, No. 01C01-9807-CC-00284 (Tenn. Crim. App. at Nashville, Aug. 5, 1999).

to is a crime of aggravated burglary that occurred on February 1997. So according to the record here, he received a three year sentence in Davidson County commencing effective April 26, '95. And as I said, the judgment form shows that was a sentence ordered to be served at the regional work house. The offense date of the aggravated burglary that he's being sentenced for today occurred February 1997 which would have been within that three year period. So he was either on probation or on some work release status at the time this aggravated burglary was committed. . . . the Court is mindful and has considered to what extent confinement may be necessary to protect society by restraining a defendant who has a long history of criminal conduct. And the Court does find that he has a long history of criminal conduct. The Court has also considered whether confinement is necessary to avoid depreciating the seriousness of the offense or whether confinement is particularly suited to provide an effective deterrence to others who may be likely to commit similar offenses. The Court has also considered whether there have been measures less restrictive than confinement which have frequently or currently been used unsuccessfully. The Court is also mindful of whether there is a potential or lack of potential for rehabilitation, given the history of this defendant. . . .

. . .The Court finds that [the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range] and will give it the weight to which it is entitled. In this case, the defendant is to be treated as a range one standard offender and given the criminal history in the presentence report. The Court finds that subsection one applies. The State maintains that subsection 13 applies, that is a felony was committed while the defendant was on some form of release status, if such release is from a prior felony conviction. He was . . . convicted of two felonies [reckless endangerment and fraudulent use of a credit card] on April 26, '95 in Davidson County. Two class E felonies which were to be served consecutively for an effective three year sentence. And so at the time this offense, the subject offense, was committed, which was February 1997 . . . it was committed at a point in time within that three year sentence. So he was either on probation or a work release or some type of release into the community. So the court finds that number 13 does indeed apply.
. . .

The defendant next argues that subsection three applies, that substantial grounds extending to excuse or justify the defendant's criminal conduct, though failing to establish a defense. There is no evidence to support that contention and the Court finds that it does not apply.

The defense next argues that subsection four applies. That is, the defendant played a minor role in the commission of the offense. The court is without any evidence to that affect and the Court finds that does not apply. . . . Here is a young man who, at the time he was 18, soon to be 19, he had already been convicted of theft of property,

vandalism, unauthorized use of a vehicle, multiple counts, another adjudication of vandalism, a conviction for evading arrest, joy riding, reckless endangerment, fraudulent use of a credit card, he may have been young chronologically speaking, but in terms of criminal knowledge he was sophisticated. The Court finds [this factor] does not apply. So the presumptive sentence for a range one, class C felony of aggravated burglary is three years. Considering the . . . enhancing factors as well as the mitigating factors . . . . The Court affixes his actual sentence of five years and orders him to serve it at TDOC.

## Analysis

Appellate review of a sentence is *de novo* with a presumption that the determinations made by the sentencing court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption only applies, however, if the record shows that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the present case, the record supports application of the presumption. Moreover, the burden is upon the appellant to show that the sentence imposed is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.

## A. Length of Sentence

The appellant contends that his conviction for the offense of aggravated burglary does not warrant a sentence of five years. The record reflects that the trial court applied three enhancement factors and one mitigating factor. Specifically, the trial court found the following enhancement factors:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(13) The felony was committed while on any of the following forms of release status if such release is from a prior felony conviction: (C) Probation; (D) Work release; and

(20) The defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult.

Tenn. Code Ann. § 40-35-114(1), -114(13), -114(20) (1997). Additionally, the trial court applied mitigating factor (1)

(1) The defendant's criminal conduct neither caused nor threatened serious bodily injury.

Tenn. Code Ann. § 40-35-113(1) (1997). Although the appellant concedes application of enhancement factor (1), he asserts that the record fails to support the application of factors (13) and (20). With reference to the trial court's application of factor (13), we have previously noted the firmly established rule which places the burden upon the appellant to establish the impropriety of a sentencing ruling. The appellant has asked us to find facts regarding sentence expiration dates that are not included in the record. We decline to engage in conjecture or speculation as to non-existent facts. In the absence of proof to the contrary, the findings of the trial court are presumed correct. Based upon these sentencing principles, we see no reason to disturb the trial court's application of factor (13).

The appellant also challenges application of factor (20), the defendant was adjudicated to have committed delinquent acts as a juvenile which would constitute a felony if committed by an adult. The appellant contends that his juvenile adjudications were for the offenses of vandalism, unauthorized use of a vehicle and theft. Moreover, the adjudications took place in Louisiana and not Tennessee. He argues that there is no evidence in the record to indicate whether these Louisiana juvenile adjudications would convert to adult felonies in either Louisiana or Tennessee.[3]

The record reflects that following juvenile adjudications from Louisiana:

| Date of Conviction | Age | Offense |
| --- | --- | --- |
| 12-03-92 | 16 | Vandalism between $500-$1000 |
| 12-03-92 | 16 | Unauthorized use of a vehicle |
| 12-03-92 | 16 | Unauthorized use of a vehicle |
| 12-03-92 | 16 | Unauthorized use of a vehicle |
| 11-18-92 | 16 | Vandalism between $500-$1000 |
| 12-03-92 | 16 | Theft under $500 |

The record is silent as to the circumstances of these offenses. Generally, where the foreign conviction is a named offense in this state, the classification of that named offense under Tennessee law will apply. Cf. Tenn. Code Ann. § 40-35-108(b)(5)(1997). Under our penal code, the offense of unauthorized use of a vehicle is a class A misdemeanor, see Tenn. Code Ann. § 39-14-106 (1997); the offense of vandalism between $500-$1000 is a class E felony, see Tenn. Code Ann. §§ 39-14-408(c)(1) (1997); 39-14-105(2) (1997); and the offense of theft under $500 is a class A misdemeanor; Tenn. Code Ann. § 39-14-105(1). Thus, the appellant's juvenile adjudications for the offenses of vandalism between $500 - $1000 would have been felonies if committed as an adult. Accordingly, the trial court did not err by applying enhancement factor (20).

*Mitigating Factors*

Finally, the appellant asserts that the trial court failed to apply mitigating factor (3), substantial grounds exist tending to excuse or justify the criminal conduct, and mitigating factor (4),

---

[3]The appellant admits that had the juvenile adjudications occurred in Tennessee, the adjudication for vandalism would constitute a class E felony.

the defendant played a minor role in the commission of the offense. Again, in the absence of the guilty plea transcript, there is no evidence in the record to support the appellant's allegations that "substantial grounds exist tending to excuse or justify the defendant's criminal conduct," Tenn. Code Ann. § 40-35-113(3); or that "the defendant played a minor role in the commission of the offense." Tenn. Code Ann. § 40-35-113(4).

The appellant also contends that, because he entered a guilty plea thereby taking the first step toward rehabilitation and by saving the State the time and expense of a trial by jury, mitigating factor (13) should apply. Our general assembly has not expressly provided that a defendant's sentence should be mitigated based solely upon the defendant's plea of guilty. In the absence of a legislative provision so authorizing, we reject *carte blanche* application of this requested factor. The trial court chose not to mitigate: the sentencing court is in a much better position to determine the defendant's motive for pleading guilty. Indeed, in this case, it is far from certain that the appellant's guilty plea was entered for the purpose of "taking the first step toward rehabilitation." It could equally be argued that the appellant was motivated by the fact that, under his plea agreement, a charge of rape was reduced to sexual battery, two probation violation charges were reduced to "time served," and a charge of felony theft was dismissed. Accordingly, we find no error in the non-application of mitigating factors (3),(4) and (13).

The appellant, a range I offender, was convicted of aggravated burglary, a class C felony. The appropriate sentencing range is "not less than three (3) nor more than six (6) years." Tenn. Code Ann. § 40-35-112(a)(3) (1997). The trial court, after weighing and considering the enhancing and mitigating factors, imposed a sentence of five years. Applying the presumption of correctness afforded the trial court's decision, we conclude , upon *de novo* review, that imposition of a sentence of five years is not excessive.

### B. Imposition of Total Confinement
In his final argument, the appellant contends that the trial court erred by imposing a sentence of total confinement. The trial court denied the appellant any form of alternative sentence based upon its finding that confinement was necessary to protect society by restraining a defendant who has a long history of criminal conduct. See Tenn. Code Ann. § 40-35-103(1)(A) (1997). The appellant asserts that the trial court erred by imposing a sentence of total confinement based solely upon his prior criminal history. We disagree.

The record indicates that the appellant's criminal history consists of six adult convictions and six juvenile adjudications. The record is replete with evidence of numerous failed past attempts at rehabilitation. The presentence report notes that "[the appellant] is currently on 'escape' status from a Davidson County Penal Facility." The appellant has never attempted to earn either a high school diploma or a GED and has very minimal work experience. Thus, we conclude that confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct and measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. See Tenn. Code Ann. § 40-35-103(1)(A); -103(1)(C). These factors are more than sufficient to support a sentence of total confinement. Accordingly, the record

supports the trial court's finding that the State presented sufficient evidence to overcome the presumption favoring alternative sentencing.

For these reasons, the sentencing decision of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE